IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LINDA ALLEN CORDELL, #43159-037　　*
Formerly known as LARRY CORDELL
　　　　　　　　　　　　　　　　　　*

v.　　　　　　　　　　　　　　　　　* CIVIL ACTION NO. RDB-17-331
　　　　　　　　　　　　　　　　　　　CRIMINAL NO. RDB-07-0478-1
UNITED STATES OF AMERICA　　　　　*
Respondent.
　　　　　　　　　　　　　　　　*****

## MEMORANDUM OPINION

Linda Allen Cordell ("Cordell"), formerly known as Larry Cordell,[1] pled guilty to one count of the sexual exploitation of a minor for the purpose of producing child pornography, in violation of 18 U.S.C.§ 2251(a). On May 28, 2008, Cordell was sentenced to 300 months imprisonment and a lifetime period of supervised release. Criminal judgment was entered on June 3, 2008.[2] *See United States v. Cordell*, Criminal No. RDB-07-0478 (D. Md.) at ECF No. 26. No appeal was noted.

On October 22, 2008, Cordell filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, dated October 16, 2008, raising Sixth Amendment ineffective assistance of counsel grounds to her conviction. *Id.* at ECF No. 41. The Motion was subsequently amended to raise additional ineffective assistance claims. *Id.* at ECF No. 43. Cordell's request to withdraw the Motion without prejudice was granted on October 19, 2009. *Id.* at ECF No. 50.

---

[1] On October 19, 2016, the Court ordered that Defendant's name change request be granted and that his committed name be changed from Larry Allen Cordell to Linda Allen Cordell. *See United States v. Cordell*, Criminal No. RDB-07-0478 (D. Md.) at ECF Nos. 91-92. Defendant will therefore be referred to in the feminine pronoun in this Opinion.

[2] The judgment was amended on June 6, 2008. *See United States v. Cordell*, Criminal

On February 3, 2017, the Clerk entered on the docket Cordell's self-represented 28 U.S.C. § 2255 Motion to Vacate, raising several grounds relating to the validity of her 300-month sentence. The Motion was originally received for filing on October 6, 2016, and is dated October 3, 2016. *See United States v. Cordell*, Criminal No. RDB-07-0478 (D. Md.) at ECF No. 108. On February 16, 2017, the Government was ordered to file a limited answer as to the timeliness of the Motion. The matter has been briefed by the parties. ECF Nos. 117 & 127.

As noted, Cordell did not file an appeal. Affording her sentencing the most generous construction, her conviction became final on June 6, 2008. The one-year statute of limitations set out under 28 U.S.C. § 2255(f)(1) began to run on that date. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where no appeal taken, statute of limitations begins to run on date the court entered the judgment of conviction). Therefore, Cordell had until June 6, 2009, to file a timely Motion to Vacate and did not do so.

The one-year limitation period may be forgiven if a petitioner shows that "1) extraordinary circumstances, 2) beyond h[er] control or external to h[er] own conduct, 3) ... prevented h[er] from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)). A petitioner must show some wrongful conduct by a respondent contributed to the delay in filing, or that circumstances beyond her control caused the delay. *See Rouse*, 339 F.3d at 246. "[A]ny resort to equity must be reserved for those rare instances where ... it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2006). Generally, the

---

No. RDB-07-0478 (D. Md.) at ECF No. 27.

petitioner must show that she has been diligently pursuing her rights and some extraordinary circumstance prevented her from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246.

In her Reply, Cordell seemingly asserts that on September 13, 2016, she filed a motion with the United States Court of Appeals for the Fourth Circuit seeking authorization to file a second or successive § 2255 motion and was given "authorization " to do so. *See United States v. Cordell,* Criminal No. RDB-07-0478 (D. Md.) at ECF No. 127. She believes that her Motion is timely "due to the fact that I was granted authorization by [three] judges from the United States Court of Appeals …to file my second or successive 2255 motion in the District Court." *Id.*

The Court finds Cordell's argument unavailing. Cordell's 28 U.S.C. § 2244(b) Motion, seeking authorization to file a second or successive § 2255, was not granted by the Fourth Circuit. The appellate court denied Cordell's motion as unnecessary given the fact that her first § 2255 Motion was voluntarily withdrawn and dismissed without prejudice. Further, the Fourth Circuit "express[ed] no opinion as to the timeliness or merit of any § 2255 motion Cordell may file in the district court." *See United States v. Cordell,* Criminal No. RDB-07-0478 (D. Md.) at ECF No. 117-1; *see also In re: Larry Cordell,* CA No. 16-3070 (4th Cir. 2016). The current § 2255 Motion, filed more than eight years after Cordell's conviction became final, is untimely.

In addition to the above analysis, a Certificate of Appealability must be considered. Unless a Certificate of Appealability ("COA") is issued, a petitioner may not appeal the district court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

3

The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S., 327 (2003); *see also see also Buck v. Davis,* ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017). Cordell does not satisfy this standard, and the Court declines to issue a Certificate of Appealability. The Motion to Vacate shall be dismissed. A separate Order follows.

Date: November     , 2017            _____
                                        RICHARD D. BENNETT
                                        UNITED STATES DISTRICT JUDGE

4